IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>CHAD GETTEL, ET AL.,<br><br>                Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:15CR105DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Chad Gettel's Motion to Continue Jury Trial and Extend Motion Cut-off Date.  The six-week trial is currently set for October 17, 2016, and the motion cutoff date is current set for June 17, 2016.  The government filed an opposition to Defendant's motion.

      Defendant seeks a continuance of the motion cut-off deadline and trial date, arguing that he cannot be prepared based on the complexity of the case and the need to review extensive discovery.  The government has turned over more than a million documents in an unsearchable format because the government did not believe it was obligated to provide discovery in a searchable format.  The government was unable to complete the discovery processing locally and sent the documents to a Department of Justice processing facility in South Carolina, which uses a proprietary software system unlike systems used locally.

      Defendant's counsel has never been involved in a white collar criminal case in which the government did not provide the discovery in a searchable format.  Therefore, Defendant's

counsel was required to purchase a document review platform for its law firm. The law firm's server was then not large enough to accommodate the data for this case, and the law firm had to acquire a new server. Defendant's counsel then needed to load the 1,105,000 discovery documents. At the suggestion of the government, Defendant's counsel contracted with Salt Lake Legal to load the discovery into the searchable platform system. Salt Lake Legal encountered problems and, as of the date of Defendant's motion, the data was still being loaded.

In addition, Defendant's counsel was required to retain an expert familiar with the discovery review software. The expert has trained three lawyers and a paralegal in three training sessions to date, and additional training sessions will be necessary. The expert has also conducted several additional training sessions with the paralegal. During one of these training sessions with the paralegal, the expert discovered several errors with the data processing. The expert, attorneys, and vendor met to discuss the problems. The expert's letter states that several weeks will be needed to correct the database.

The government's objection to the motion to continue largely ignores the discovery issues Defendant is facing and focuses on timing. The government argues that there are still three months until the motion cut-off date and seven months until trial. The government urges the court to deny Defendant's motion at this time and set a status conference in the case for May 2, 2016.

The court is sympathetic to Defendant's discovery problems and the need for counsel to be prepared for the motion cut-off deadline and trial. However, the court agrees with the government that substantial time remains before such deadlines. Therefore, at this time, the court DENIES Defendant's motion to continue [Docket No. 182] without prejudice. The court

will hold a status conference on May 2, 2016, at which Defendant may renew his motion to continue if such a continuance remains necessary. The May 2, 2016 date will be close in time to the motion cut-off deadline and Defendant will have more timely information in support of any continuance that may be necessary.

DATED this 7th day of March, 2016.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge